IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ALICIA TREVINO, | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | CIVIL ACTION # _____ |
| v. | § | |
| | § | JURY DEMAND |
| THE UNITED STATES OF AMERICA | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARIA ALICIA TREVINO, hereinafter referred to as Plaintiff, complaining of Defendant, United States of America and for cause of action would respectfully show as follows:

## PARTIES

1.      Plaintiff, MARIA ALICIA TREVINO, is an individual and a citizen of the State of Texas

2.      Defendant, United States of America may be served through the Attorney for the Southern District of Texas, Brownsville Division, to the following address: Civil Division, U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana Street, Ste. 2300, Houston, TX 77002. Defendant, United States of America is the government of the United States and an appropriate defendant under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq.*, for the tort claims in this complaint.

## JURISDICTION

3.      This claim is brought under the Federal Torts Claims Act.  The Court has jurisdiction over this claim because the Act waives Defendant's sovereign immunity for claims involving personal injuries or property damages caused by the negligent operation or uses of a motor-driven vehicle if

that employee would be personally liable to Plaintiff under Federal law.

4.      No valid exception to the waiver of immunity applies to reinstate Defendant's sovereign immunity.  At the time of the incident there was no emergency, and Ramiro Leal acted with reckless disregard for the safety of others.

5.      This Court has subject matter jurisdiction over the claims pursuant to U.S.C. § 1331 because they arise under the Constitution and laws of the United States of America.

6.      Plaintiff has exhausted all her administrative remedies.  Pursuant to the Federal Torts Claims Act, Plaintiff filed Notice of her claim and associated damages with Defendant, United States Postal Service on September 29, 2016.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)(2) because the incident giving rise to the claims in the action occurred in this district.

## FACTS

8.      On or about September 15, 2015, Ramiro Leal, acting in the course and scope with the United States Postal Service and Defendant, United States of America negligently, carelessly conducted an improper (unsafe) start from the parked/stopped position and violently struck Plaintiff's vehicle.  Plaintiff would show that this lawsuit has become necessary as a result of personal injuries which she sustained on or about September 15, 2015.  On the date in question, Ramiro Leal acting in the course and scope with the United States Postal Service and Defendant, United States of America, as a Mail Courier and, driving a 1982 White GM Postal Service van when he conducted an improper (unsafe) start from the parked/stopped position and violently struck Plaintiff's vehicle.

## CAUSES OF ACTION

9.      Plaintiff reasserts Paragraphs 1 through 8 as if recited again verbatim.  At all relevant times,

2

Ramiro Leal was in the course and scope of his employment with the United States Postal Service and Defendant, United States of America.

## **NEGLIGENCE**

### Against the United States of America

10.    As indicated above, the accident made the basis of this suit was caused Ramiro Leal's negligent operation of the United States Postal Service and Defendant, United States of America vehicle resulting in a hazardous condition on a public roadway.

11.    Ramiro Leal is negligent for the following reasons:

    a.  Failure to yield the right of way;

    b.  Failing to keep a proper lookout;

    c.  Failing to make a timely and proper application of his brakes;

    d.  Failing to take evasive action to avoid the collision in question;

    e.  Failing to control his speed; and

    f.  Driver inattention.

12.    Plaintiff will show that at the time of the collision, Ramiro Leal was acting within the course and scope of his employment with the United States Postal Service and Defendant, United States of America and was acting as an agent of the United States of America.  Therefore, Defendant, United States of America is vicariously liable to Plaintiff under the theory of *Respondeat Superior*.

### Against the United States of America

13.    Defendant, United States of America are independently negligent for:

    a.     Negligently hiring Ramiro Leal; and

    b.     Negligently training Ramiro Leal.

14.    Ramiro Leal had a duty to exercise the degree of care that a reasonably careful person would

use to avoid harm to others under circumstances similar to those described herein.

15.     Plaintiff's injuries were proximately caused by Ramiro Leal's negligent disregard of said duty.

16.     Each of the above acts and/or omissions, singularly or in combination with others, was negligent.  Such negligent acts or failure to act proximately caused the collision made the basis of this lawsuit and Plaintiff's injuries and damages as described below.

17.     Therefore, Defendant, United States of America is vicariously liable to Plaintiff under the theory of *Respondeat Superior*.

## DAMAGES

18.     As a legal and proximate result of Defendant's negligence, Plaintiff suffered the following injuries and damages:

      a.    Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

      b.    Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to suffer same into the future;

      c.    Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer same into the future;

      d.    Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer same into the future;

      e.    Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer same into the future;

      f.    Plaintiff has lost earnings in the past and, in all reasonable probability, will sustain a loss of earning capacity in the future; and,

      g.    Plaintiff has suffered a past loss of found damages, and in all reasonable probability, will sustain a loss of found damages in future.

19.     Plaintiff sues for an amount of damages that this Court believes is fair and reasonable based upon the injuries and damages.  Plaintiff reserves the right to amend this pleading to comport with the evidence.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MARIA ALICIA TREVINO prays that Defendant, United States of America be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against the Defendant in such amount as will compensate for their losses and damages as stated above, together with interest, both pre and post-judgment; all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

By: */s/ R. Todd Elias*
    R. Todd Elias
    SBN: 00787427
    1811 Bering Drive, Suite 300
    Houston, Texas 77057
    (713) 668-9999
    Facsimile: (713) 668-1980
    rtelias@geslawfirm.com

    and

    David H. Square
    SBN:  24076013
    Square Law Group
    302 Kings Hwy, Suite 103
    Brownsville, Texas 78521
    (956) 621-4632
    Facsimile (956) 621-4633
    david@squarelawfirm.com
    **ATTORNEYS FOR PLAINTIFF**